## BLAUT v. FLETCHER et al.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

MARRIED WOMEN — PARTNERSHIP WITH HUSBAND — CONTRACTS WITH THIRD PERSONS.

> The fact that a married woman assists her husband in his business, makes payment on account of his debts, and speaks of the business to those people dealing with him as their business, or speaks of herself as interested in it, is not sufficient to show that goods sold for use in the business were sold to the husband and wife jointly, where there was no evidence that the business was ever carried on in her name, that any goods were ever specifically delivered to her, that she ever made any promise to pay for the goods, or that she ever gave any orders for goods, or intended in any way to make herself responsible for them.

Appeal from judgment on report of referee.

Action by Simon Blaut against Margaret L. Fletcher, impleaded with Robert Fletcher. From a judgment entered on report of referee for plaintiff, Margaret Fletcher appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry M. Dater, for appellant.
Jacob Fromme, for respondent.

INGRAHAM, J. The action was brought to recover for goods sold and delivered to the defendants jointly. The complaint alleges that the plaintiff sold and delivered to the defendants above named, at their

special instance and request, goods, wares, and merchandise "at prices then and there agreed upon." There being no proof that the defendants were co-partners, to sustain this action against the appellant, Margaret L. Fletcher, the plaintiff must prove a sale to her, and an independent promise by her to pay. Mrs. Fletcher, in answering the complaint, denies that she ever, separately for herself or jointly with any person or persons, purchased goods, wares, and merchandise from the plaintiff. The defendants were husband and wife, and the business was conducted apparently in the name of the husband, and the action was brought to recover for goods sold and delivered for the conduct of this business. A salesman or agent for the plaintiff who made the sales testified that he called at this place of business, and that he saw the husband and wife together; that the first order was given by Mr. Fletcher (the husband); that the witness asked him who owned the business, and Mr. Fletcher told him that "we started business together; he referred to—he meant—him and his wife; he did not give me her name; Mrs. Fletcher gave me her name." The witness testified that these two names were in the plaintiff's ledger. The witness was asked to give the whole conversation at this interview, and in answer said: "When I came to the store, and I presented a card from Mr. Blaut, I said: 'My name is Krause. I heard from Mr. Joe Sparks that you are going to start a business.'" The witness testified that he spoke to Mr. and Mrs. Fletcher; that they were both in the store; that he asked them if he could sell them any goods; that he remembered Mr. Fletcher said, "If you sell your goods right, and treat me right, we will deal with you." The witness further testified that statements were made and sent to the defendants, and that Robert and Margaret Fletcher's names were on one statement that he saw; that he subsequently received a payment when that statement was in the possession of one of the defendants, and he credited the amount of the payment upon that statement. There was further evidence by the plaintiff that at one time he saw the defendant Margaret Fletcher at her store, and asked her if either of the proprietors was there, and she said, "Why, I am one of them." On behalf of the defendants it appeared that the defendant Robert Fletcher established the business; that his wife had no interest in it, except that she had loaned him some money to start the business. They both strenuously denied that any statement had been made that the defendant Margaret Fletcher was in any way interested in the business, or that either of them had ever made any statement to that effect; and it appeared that many bills had been sent to the defendant Robert Fletcher, made out to him, for the goods purchased from the plaintiff; that one bill made out to Robert and Margaret Fletcher had been sent by the plaintiff, and that that bill was promptly returned, on the ground that it was improperly made out to include Margaret Fletcher as one of the persons with whom the dealings had been had. The parties were husband and wife, living together, and, while it would appear that the wife attended the store for her husband, and assisted him in the transaction of the business, there was posi-

tively no evidence that she had the slightest interest in the business, except that she had loaned money to her husband. Nor is there the slightest evidence that the business was ever carried on in her name. The defendants offered to prove that no part of the profits had been paid to the wife, which was objected to by the plaintiff, and excluded by the referee.

We do not think that there was any evidence to sustain the finding of the referee that these goods were sold to the husband and wife jointly. The fact that a woman resides with her husband, who is conducting a business, assists him in his business, makes payment on account of his indebtedness, and speaks of the business to those people dealing with him as their business, or speaks of herself as interested in it, is not of itself sufficient to show that property sold for use in the business is sold to the husband and wife jointly.' The relations that exist between the parties are such that acts or declarations of this kind are not sufficient to show that the wife is a partner, or interested in the business. These goods were all sold to be used in this business. No part of them was delivered specifically to the wife, or used by her, nor did she make any promise to pay thereafter. Nor does it appear that any orders were specifically given by her, or that she intended in any way to make herself responsible for them. The fact that bills were rendered by the plaintiff to the husband separately for goods sold to him—a fact which does not seem to be disputed by any competent evidence—would tend strongly to show that the plaintiff did not give credit to the wife; and the mere fact that the wife gave her name to the plaintiff's salesman, or spoke of herself as a proprietor after the goods were sold, would not tend to show that she was a joint purchaser of the goods with her husband. No express promise was made that the wife would be responsible for these goods sold, or that she would bind her separate estate for the indebtedness incurred by her husband. Nothing was said that was inconsistent with the fact that the business belonged to and was managed by her husband, or that she did anything more than assist him, as his wife, in the conduct and management of his business. We think there was nothing to justify a finding that these goods were sold to the husband and wife jointly; but upon the whole evidence it is clear that they were purchased by the husband for use in the business conducted by him, and that, as no partnership was either alleged or proved, this appellant was not liable.

For that reason we think the judgment should be reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event. All concur.